UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LASHON WARD, </br></br> Plaintiff, </br></br> v. </br></br> IDOC *et al.*, </br></br> Defendants. | CAUSE NO. 3:22-CV-244-DRL-MGG |

OPINION AND ORDER

Lashon Ward, a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Ward alleges an inmate attacked him by throwing scalding oil all over his body on February 12, 2022, at 1:00 AM at the Westville Correctional Facility. He alleges Officer Hardtime was not at his assigned post when this incident occurred and left before his replacement arrived, which violated Indiana Department of Correction policy. He claims the inmate would not have had access to the microwave to boil the oil if Officer Hardtime had been present. He alleges Officer Hardtime was negligent and failed to protect him in violation of the Eighth Amendment.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. The plaintiff must show that the defendant "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Here, Mr. Ward has not plausibly alleged any of the defendants had prior knowledge of the attack and failed to take steps to protect him from it. The fact that Officer Hardtime left his post before his replacement arrived is insufficient to suggest he had knowledge of the impending attack. Even if Officer Hardtime's action could be described as negligent, that is not sufficient to state a claim. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) ("[C]onduct that simply amounts to mere negligence or inadvertence is insufficient to justify the imposition of liability.") (internal quotation

2

marks and citations omitted). Additionally, although Mr. Ward complains Officer Hardtime failed to follow IDOC policy when he left his post, a violation of a prison policy is not a violation of the Constitution either. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Mr. Ward also alleges he was denied adequate medical care. He has sued the "W.C.F. Medical Staff (All Staff)," collectively, for failing to transport him to a burn unit after the incident, but he has not named any individual medical defendants. He cannot proceed against the facility staff as a whole because this is the equivalent of including an unnamed defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, the complaint does not state a claim against the W.C.F. Medical Staff.

Even if Mr. Ward had sued a defendant who was personally involved in his medical care, the complaint would still fail. To establish liability for claims of inadequate medical care under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2)

the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). In effect, the Eighth Amendment "protects prisoners from . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Here, Mr. Ward alleges the medical staff failed to transport him to an outside "burn unit," but he does not allege he was denied care altogether. In fact, in a grievance form attached to the complaint, Mr. Ward states that immediately after he was burned, "the officers handcuffed the inmate (John Doe) and called for medical attention for me." ECF 6-1 at 2. Although he complains he wasn't taken to the emergency room and given "proper care," he admits that as of several days after the attack, he was "still setting (sic) in the infirmary." *Id.* at 3. Based on these sparse facts, it cannot be plausibly inferred that Mr. Ward failed to receive constitutionally adequate medical care simply because he didn't get transported to a burn unit. *See e.g. Walker*, 940 F.3d at 965 (inmates are "not entitled to demand specific care"); *Forbes,* 112 F.3d at 267 (nor are they entitled to "the best care possible"). These claims will be dismissed.

As a final note, Mr. Ward has sued the Indiana Department of Correction. However, he cannot maintain a claim for monetary damages against the Indiana

4

Department of Correction itself or any of its employees in their official capacities. *See de Lima Silva v. Dept. of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019) ("The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. This immunity extends to state agencies and state officials in their official capacities. There is no dispute that the DOC is a nonconsenting state agency, and Congress has not abrogated [Indiana's] Eleventh Amendment immunity for plaintiff's claims brought pursuant to § 1983.") (internal quotation marks and citations omitted). This defendant will be dismissed.

Mr. Ward's amended complaint does not state a claim for which relief can be granted. Although it appears unlikely based on his current submissions, if he believes he can state a claim based on—and consistent with—the events described in this complaint, Mr. Ward may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Lashon Ward until **December 13, 2022**, to file an amended complaint; and

(2) CAUTIONS Lashon Ward if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

November 18, 2022   *s/ Damon R. Leichty*
  Judge, United States District Court